IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JANE CARLTON,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ALBUQUERQUE, and CITY COUNCIL OF THE CITY OF ALBUQUERQUE,<br><br>    Defendants. | No.  1:12-cv-00447-PJK-WDS |

ORDER

THIS MATTER came on for consideration of Plaintiff Jane Carlton's Motion for Temporary Restraining Order and Emergency Request for Expedited Hearing filed April 27, 2012.  Doc. 5.  The court held an evidentiary hearing on May 3, 2012 and heard argument.  Upon consideration thereof,

(1) Because notice to Defendants was provided, the motion should be considered as seeking a preliminary injunction.

(2) According to the Amended Complaint,[1] Plaintiff purchased property in downtown Albuquerque in 1985 which contained an 11-unit apartment complex.  Doc. 1-

---

[1] The "Amended Notice of Appeal and/or in the Alternative Petition for Writ of Certiorari, and Verified Petition and Complaint for Writ of Mandamus, for Declaratory Judgment, and for Injunctive Relief" filed April 4, 2012 in state court will be referred to as the Amended Complaint.

1 at 3, ¶ 7.  The property is zoned SU2/High Density Apartment, which Plaintiff contends would allow a very high density apartment building (three times the size of the property) at least 40 feet high and with at least 35 one-bedroom units and ten percent commercial use.  Doc. 1-1 at 3, ¶ 7, at 5, ¶ 14.  Along those lines, Plaintiff submitted an application for a building permit on March 28, 2012.  Id. at 33, ¶ 108.  The City denied the application on April 3, 2012, based upon a moratorium in effect while the City considers amendments to the Downtown Neighborhood Area Sector Development Plan.  Id.

    (3)  Plaintiff contends that Defendants failed to afford her proper notice and due process in enacting the moratorium and considering the proposed DNA Sector Development Plan.  She also contends that the moratorium and the proposed DNA Sector Development Plan violate the terms of a 2006 settlement agreement between her and the City over a prior zoning dispute.  According to the Plaintiff, the moratorium and the proposed DNA Sector Development Plan result in an unlawful down-zoning of her property.

    (4) Defendants removed this action on the basis of Plaintiff's federal due process claims contained in the Amended Complaint.[2]  Doc. 1 at 1.

---

[2]  In addition to procedural and substantive due process claims, the Amended Complaint also contains an impairment of contract claim. U.S. CONST. art. I, § 10.  Defendants did not rely upon this as a basis for removal.  Be that as it may, the court holds that any impairment of contract claim is not ripe for the same reasons the due process claims are not ripe.  See Palmer v. Garamendi, 214 F. App'x 652, 654 (9th Cir. 2006) (unpublished).

(5) Plaintiff seeks an injunction prohibiting the Defendants from proceeding further with the proposed DNA Sector Development Plan (including at the May 7 City Council meeting) and applying the moratorium to her application. Doc. 5 at 3. Instead, she would have the court require that the City apply current zoning requirements. Id. Finally, she seeks an injunction requiring that the City provide notice by certified mail, return receipt requested, ostensibly in accordance with N.M. Stat. § 3-21-6(B), should it proceed again with the proposed DNA Sector Development Plan or anything like it. Doc. 5. at 3.

(6) To obtain a preliminary injunction, Plaintiff must show (a) a substantial likelihood of success on the merits, (b) irreparable injury should the injunction be denied, (c) that the threatened injury outweighs any harm to the Defendants from the injunction, and (d) that the injunction is in the public interest. Awad v. Ziriax, 670 F.3d 1111, 1125 (10th Cir. 2012). Granting a preliminary injunction would alter the status quo because it would prohibit the Albuquerque City Council from proceeding with an agenda item. It would also result in the Plaintiff gaining most of her required relief were she to prevail at trial, i.e., requiring the City to approve her application. Accordingly, Plaintiff must make a strong showing concerning the first and third elements of the preliminary injunction test. Id.

(7) Regardless, at the hearing it became apparent that the federal claims are not ripe and should be dismissed without prejudice. In considering whether an issue is ripe, the court must consider whether the issue would benefit from further factual development

and any hardship to the parties in withholding review.  At the hearing, Plaintiff's counsel argued that the process attendant to Plaintiff's property has been deficient from the outset, that she is not making a regulatory takings claim, and that final action is not necessary.  Still, the Tenth Circuit requires final action concerning a zoning matter, just as in takings claims.  See B. Willis, C.P.A., Inc. v. BNSF Ry. Corp., 531 F.3d 1282, 1299 n.19 (10th Cir. 2008); Signature Props. Int'l Ltd. P'ship v. City of Edmond, 310 F.3d 1258, 1264-69 (10th Cir. 2002); J.B. Ranch, Inc. v. Grand Cnty., 958 F.2d 306, 309 (10th Cir. 1992).  Here, the proposed DNA Sector Plan has not yet been enacted, and Plaintiff's application has yet to be evaluated under any plan.  No action, let alone final action, has been taken.  See Alto Eldorado P'ship v. Cnty. of Santa Fe, 634 F.3d 1170, 1174 (10th Cir. 2011) (noting that final action requires an effort to obtain a waiver or variance, should the application be denied).  Moreover, the factual record is developing and a one-month delay in consideration of the application does not constitute hardship.

    (8)   The court will dismiss the federal claims without prejudice.  It declines to exercise supplemental jurisdiction over the state-law claims due to the fact that they involve complicated issues of state law better resolved at the state level, and will remand the action to state district court.  See Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639-40 (2009).

    NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

    (1) the federal claims are dismissed without prejudice for lack of subject matter jurisdiction,

(2) the case is remanded to the Second Judicial District for consideration of the state law claims.

DATED this 4th day of May 2012, at Santa Fe, New Mexico.

*Paul Kelly, Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Glenn R. Smith and Stephanie Landry, Landry & Ludewig, L.L.P., Albuquerque, New Mexico, for Plaintiff.

Patrick D. Allen and Joe Wosick, Yenson, Lynn, Allen & Wosick, P.C., Albuquerque, New Mexico, for Defendants.